[873 NYS2d 910]

# In the Matter of Louis Haddad, an Attorney, Resignor.

Second Department, March 10, 2009

## APPEARANCES OF COUNSEL

*Jerome Karp*, Brooklyn, for resignor.

*Diana Maxfield Kearse*, Brooklyn (*Robert J. Saltzman* of counsel), for Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts.

**OPINION OF THE COURT**

Per Curiam.

Louis Haddad has submitted an affidavit dated September 25, 2008, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Haddad was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 2, 1983.

Mr. Haddad acknowledges that he is the subject of an investigation by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) into allegations that he misused his attorney escrow account by commingling funds, writing checks to cash, and making other improper withdrawals from his escrow account. He concedes his inability to successfully defend himself on the merits of any disciplinary charges which may be brought against him by the Grievance Committee based upon the facts and circumstances of the professional misconduct described herein and as may be brought to light in the future.

Mr. Haddad avers that his resignation is freely and voluntarily tendered and that he is not being subjected to coercion or duress by anyone. He has discussed his decision to resign with his counsel and is fully aware of the consequences of its submission, including being barred by Judiciary Law § 90 and the Rules of the Appellate Division, Second Department (*see* 22 NYCRR 691.11 [a]) from seeking reinstatement for at least seven years. Mr. Haddad is aware that pursuant to Judiciary Law § 90 (6-a), any order permitting him to resign could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the New York Lawyers' Fund for Client Protection for same. He is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the proffered resignation. Inasmuch as it is in full compliance with the Court's rules, the resignation of Louis Haddad is accepted and, effective immediately, he is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

MASTRO, J.P., RIVERA, SPOLZINO, SKELOS and CHAMBERS, JJ., concur.

Ordered that the resignation of Louis Haddad is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Louis Haddad is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Louis Haddad shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Louis Haddad is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Louis Haddad has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).